UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20509-CMA

UNITED STATES OF AMERICA

vs.

RAFAEL ARIAS,

   Defendant.
_____/

STIPULATED FACTUAL BASIS
IN SUPPORT OF GUILTY PLEA

From at least December 2007, and continuing through in and around September 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, RAFAEL ARIAS (hereinafter referred to as the "defendant" or "ARIAS"), did knowingly combine, conspire, and agree with other co-conspirators, in violation of Title 18, United States Code, Section 1349, to commit health care fraud, in violation of Title 18, United States Code, Section 1347, and to commit wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count 1 of the Indictment. Medicare is a "health care benefit program" of the United States, as defined in Title 18, United States Code, Section 24. Furthermore, Medicare is a health care benefit program affecting commerce.

ARIAS was the owner and operator of numerous home health agencies that did business in Miami-Dade County and purported to provide home health services to Medicare beneficiaries, including Sunshine Home Health Care Services, Inc. ("Sunshine"); New Life Home HealthCare

Inc. ("New Life"); Nestor's Health Services, Inc. ("Nestor's"); Mildred and Marce Home Health Care Services, Inc. ("Mildred and Marce"); Bringas Home Health, LLC ("Bringas"); City of Angels Home Health Care, LLC ("City of Angels"); Colonial Home Health, Inc. ("Colonial"); Healthylife Home Care, Inc. ("Healthylife"); Excellence Home Health, Inc. ("Excellence"); FDG Home Health Agency, Inc. ("FDG"); A&C Home Health Care, Inc. ("A&C"); Empire Home Health Agency, Inc. ("Empire"); Humanity Home Health, Inc. ("Humanity"); L Medical Center Inc. ("L Medical"); Medsel Home Health Care Corp. ("Medsel"); Miami-Dade Home Health Care Inc. ("Miami-Dade"); New Sky Home Health Care, Corp. ("New Sky"); Wong Home Health Care, Inc. ("Wong"); and Companies 1-5.

Although ARIAS was the true owner, in whole or in part, of these home health agencies, in many cases, ARIAS recruited others to falsely and fraudulently represent themselves to be the owners of the agencies in order to hide ARIAS's identity and ownership interest. At ARIAS's direction, these nominee owners completed and signed Medicare enrollment applications that fraudulently misrepresented the identities of the agencies' true owners and failed to disclose ARIAS's ownership interest and managing control of the agency, contrary to Medicare's requirements, and ARIAS and his co-conspirators caused these applications to be submitted to Medicare. For example, between approximately October 2012 and December 2013, co-conspirator Rafael Cabrera was identified on Medicare enrollment documents as the part-owner of Mildred & Marce, even though ARIAS was a true owner of this agency, to hide ARIAS's ownership interest.

ARIAS and his co-conspirators in the above-named home health agencies also paid patient recruiters, such as co-conspirators Aylen Gonzalez and Ana Gabriela Mursuli Caballero, bribes

2

and kickbacks in exchange for the referral of Medicare beneficiaries to the above-named home health agencies. The purpose of paying these bribes and kickbacks was so that the home health agencies could bill Medicare, via interstate wires, for, among other things, expensive physical therapy and home health services purportedly provided to beneficiaries referred by the patient recruiters. Many of these beneficiaries did not qualify for home health care services. And, in some cases, ARIAS submitted and caused to be submitted false and fraudulent claims for home health services that were never provided. Had Medicare known that bribes and kickbacks were paid in exchange for the referrals and that home health agencies billed for services for which beneficiaries did not qualify and/or that were not provided, Medicare would not have paid any such claims.

Defendant's primary role in the conspiracy included owning and operating the above-named home health agencies; concealing his ownership interests from Medicare by recruiting others to act as nominee owners; paying and causing to be paid bribes and kickbacks to patient recruiters in return for referrals of Medicare beneficiaries; and submitting and causing to be submitted to Medicare, via interstate wires, false and fraudulent claims for services that were not medically necessary, not provided, and/or procured by kickbacks and bribes. Furthermore, ARIAS wrote and caused checks to be written to entities and individuals, such as co-conspirator Rafael Cabrera, for the purpose of cashing these checks in order for ARIAS and his co-conspirators to obtain fraud proceeds to benefit themselves and further the fraud.

As a result of Defendant's participation in the conspiracy to commit health care fraud and wire fraud, Medicare paid approximately $66,430,327.87 to home health agencies owned and operated by ARIAS for false and fraudulent claims submitted, using interstate wires, for services

that were not medically necessary, not provided, procured by kickbacks and bribes, and/or submitted pursuant to false and fraudulent Medicare enrollment applications.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for a guilty plea to the charges against me. It does not include all the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily because I am in fact guilty, as charged in the Indictment.

Date: 11/30/17

RAFAEL ARIAS
Defendant

Date: 11/30/17

MANUEL GONZALEZ, JR.
Attorney for the Defendant

Date: 11/30/17

JESSICA COLLINS
Trial Attorney, Department of Justice

4