UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20509-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**RAFAEL ARIAS**,

    Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture for a forfeiture money judgment in the amount of $66,430,327.87 in U.S. currency and the forfeiture of certain assets in partial satisfaction thereof, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture and Memorandum of Law in Support Thereof [ECF No. 113], the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On or about July 20, 2017, a federal grand jury returned an Indictment that charged Defendant Rafael Arias (the "Defendant") and others with conspiracy to commit health care and wire fraud, among other charges. *See* Indictment, [ECF No. 22]. The Indictment included forfeiture allegations, which alleged that upon conviction of such violation, the Defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7). *See id.* at 18.

2. On or about October 27, 2017, the Defendant pled guilty to Count 1 of the Indictment, which charged him with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. *See* Minute Entry, [ECF No. 57].

3. In his Plea Agreement, Defendant agreed to forfeit to the United States voluntarily and immediately all property that constitutes or is derived, directly or indirectly, from gross proceeds as a result of the offense charged in Count 1 of the Indictment. Plea Agreement ¶ 17, [ECF No. 82]. Such property includes, but is not limited to, a sum equal to $66,430,327.87, which may be sought as a forfeiture money judgment. *Id.* Defendant agreed to consent to the entry of orders of forfeiture for such property and waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. *Id.* Defendant admitted and agreed that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture sought by the Government. *Id.*

4. Defendant also agreed to waive any appeal of the forfeiture. *Id.* ¶ 18. Defendant waived any failure by the Court to advise the Defendant of any applicable forfeiture at the time the guilty plea was accepted, any applicable time limits for the initiation of administrative or civil judicial forfeiture proceedings, and/or further notification of any forfeiture brought against the property subject to forfeiture as a result of his illegal activities. *See id.* Defendant waived any claim or defense he may have under the Eighth Amendment of the U.S. Constitution, including any claim of excessive fine or penalty with respect to the forfeited property. *See id.* Defendant agreed to assist the United States in all proceedings, administrative or judicial,

involving the forfeiture to the United States of any property, which he or others accumulated as a result of illegal activities. *See id.* ¶ 19.

5. In his Factual Proffer, Defendant stipulated that he did knowingly combine, conspire, and agree with other co-conspirators to commit health care fraud and wire fraud, as alleged in Count 1 of the Indictment. Stipulated Factual Basis 1, [ECF No. 83]. His primary role in the conspiracy, which began in December 2007, included owning and operating several home health agencies; concealing his ownership interests from Medicare by recruiting others to act as nominee owners; concealing his ownership interests from Medicare by recruiting others to act as nominee owners; paying and causing to be paid bribes and kickbacks to patient recruiters in return for referrals of Medicare beneficiaries; and submitting and causing to be submitted to Medicare, via interstate wires, false and fraudulent claims for services that were not medically necessary, not provided, and/or procured by kickbacks and bribes. *Id.* at 3. Furthermore, Defendant wrote and caused checks to be written to entities and individuals for the purpose of cashing these checks in order for the Defendant and his co-conspirators to obtain fraud proceeds to benefit themselves and further the fraud. *Id.*

6. As a result of Defendant's participation in the conspiracy to commit health care fraud and wire fraud, Medicare paid approximately $66,430,327.87 to home health agencies owned and operated by the Defendant for false and fraudulent claims submitted, using interstate wires, for services that were not medically necessary, not provided, procured by kickbacks and bribes, and/or submitted pursuant to false and fraudulent Medicare enrollment applications. *Id.* at 3-4.

7. According to his Presentence Investigation Report, Defendant beneficially owns the following assets, among others, that "were purchased using illegal gains and profits related to the instant offense and are [thus] subject to forfeiture," pursuant to 18 U.S.C. § 987(a)(2):

(Real properties)
(i)     9771 SW 35 Street, Miami, Florida;
(ii)    8390 SW 43 Terrace, Miami, Florida;
(iii)   10495 SW 32 Street, Miami, Florida;
(iv)    10760 SW 38 Street, Miami, Florida;
(v)     3901 SW 112 Avenue, Unit 24, Miami, Florida;
(vi)    2415 NW 16 Street Road, Unit 103, Miami, Florida;
(vii)   3111 SW 109 Avenue, Miami, Florida;
(viii)  6345 Collins Avenue, Unit 414, Miami Beach, Florida.

(Vehicles and other personal property)
(ix)    2008 Mercedes Benz S550, VIN WDDNG86X38A223522;
(x)     2010 Ford F-350, VIN 1FTWX3AR8AEA77076;
(xi)    1977 Glenhill Road Machinery Mobile Home and Trailer, VIN FLFL2A647790181;

(Bank and investment accounts)
(xii)   All funds on deposit in bank account no. 6728030088 at Wells Fargo Bank in the name of Rafael A. Arias;
(xiii)  All funds on deposit in bank account no. 1623859871 at Wells Fargo Bank in the name of Rafael A. Arias;
(xiv)   All funds on deposit in bank account no. 7624034133 at Wells Fargo Bank in the name of Rafael A. Arias;
(xv)    All funds on deposit in bank account no. 1010044345875 at Wells Fargo Bank in the name of Rafael A. Arias and Maria E. Borrezco; and

(Business interest)
(xvi)   Meats Supermarket and More LLC;

See Draft Presentence Investigation Report ¶¶ 107-110, [ECF No. 97].

8. Based on Defendant's guilty plea, the Plea Agreement, and Factual Proffer, $66,430,327.87 in U.S. currency is the total amount of gross proceeds traceable to the Defendant's conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, as charged in Count 1 of the Indictment. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

CASE NO. 17-20509-CR-ALTONAGA

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture [ECF No. 113] is **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment in the amount of $66,430,327.87 in U.S. currency is hereby entered against Defendant Rafael Arias;

2. In partial satisfaction of such forfeiture money judgment, all of Defendant Rafael Arias' right, title, and interest in the following property is forfeited, pursuant to 18 U.S.C. § 982(a)(7):

(Real properties)

(i) **9771 SW 35 Street, Miami, Florida**, which is more fully described as:

Lot 8, Block 1, of EDMAR HOMES, according to the Plat thereof, as recorded in Plat Book 164, at Page 20, of the Public Records of Miami-Dade County, Florida;

Parcel Identification No. 30-4017-133-0080;

(ii) **8390 SW 43 Terrace, Miami, Florida**, which is more fully described as:

Lot 1, Block 1, of MCKEEVER TERRACE NO. 3, according to the Plat thereof, as recorded in Plat Book 16, at Page 54, of the Public Records of Miami-Dade County, Florida;

Parcel Identification No. 30-4022-004-0010;

(iii) **10495 SW 32 Street, Miami, Florida**, which is more fully described as:

Lot 8, Block 16 of LES MANOR FOURTH ADDITION, according to the Plat thereof, as recorded in Plat Book 63, at Page 76, of the Public Records of Miami-Dade County, Florida;

Parcel Identification No. 30-4017-019-0080;

(iv) **10760 SW 38 Street, Miami, Florida**, which is more fully described as:

Lot 2, Block 1 of CHATEAUBLEAU VILLAS SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 109, at Page 90, of the Public Records of Miami-Dade County, Florida;

CASE NO. 17-20509-CR-ALTONAGA

  Parcel Identification No. 30-4018-036-0020;

(v)  **3901 SW 112 Avenue, Unit 24, Miami, Florida**, which is more fully described as:

  Condominium Unit 224, VILLAS OF WEST BIRD CONDOMINIUM, together with the an undivided interest in the common elements, according to the Declaration of Condominium thereof, recorded in Official Records Book 23917, Page 1796, as amended from time to time, of the Public Records of Miami-Dade County, Florida;

  Parcel Identification No. 30-4018-108-0470;

(vi)  **2415 NW 16 Street Road, Unit 103, Miami, Florida**, which is more fully described as:

  Unit No. 103 of River Run South, a Condominium, according to the Declaration of Condominium thereof, recorded in O.R. Book 34131, Page 2937, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida;

  Parcel Identification No. 01-3134-121-0820;

(vii)  **3111 SW 109 Avenue, Miami, Florida**, which is more fully described as:

  Lot 4, Block 1 of MERCEDITAS SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 100, at Page 81, of the Public Records of Miami-Dade County, Florida;

  Parcel Identification No. 30-4018-016-0040;

(viii)  **6345 Collins Avenue, Unit 414, Miami Beach, Florida**, which is more fully described as:

  Condominium Unit No. 414, THE CASABLANCA, A CONDOMINIUM according to the Declaration of Condominium thereof, as record in the Official Records Book 16540 at Page 71, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto as set forth in said Declaration;

  Parcel Identification No. 02-3211-064-0960

(Vehicles and other personal property)

(ix)  **2008 Mercedes Benz S550, VIN WDDNG86X38A223522**;

    (x)    **2010 Ford F-350, VIN 1FTWX3AR8AEA77076**;

    (xi)    **1977 Glenhill Road Machinery Mobile Home and Trailer, VIN FLFL2A647790181**;

(Bank and investment accounts)

    (xii)    **All funds on deposit in bank account no. 6728030088 at Wells Fargo Bank in the name of Rafael A. Arias**;

    (xiii)    **All funds on deposit in bank account no. 1623859871 at Wells Fargo Bank in the name of Rafael A. Arias**;

    (xiv)    **All funds on deposit in bank account no. 7624034133 at Wells Fargo Bank in the name of Rafael A. Arias**;

    (xv)    **All funds on deposit in bank account no. 1010044345875 at Wells Fargo Bank in the name of Rafael A. Arias and Maria E. Borrezco**; and

(Business interest)

    (xvi)    **Meats Supermarket and More LLC (Florida)**;

3.    An agent of the Federal Bureau of Investigation, the U.S. Marshals Service, or any duly authorized law enforcement official, shall as soon as practicable, seize the property ordered forfeited herein pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

4.    With respect to **Meats Supermarket and More LLC** and real property located at **6345 Collins Avenue, Unit 414, Miami Beach, Florida**, the U.S. Marshals Service may enter the premises and obtain any other information necessary to conduct an inspection, inventory, and appraisal of such property prior to seizure;

5.    The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure;

6.    The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary,

7

including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceedings related to any third-party petition;

7.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Rafael Arias, and shall be made part of the sentence of the Court and is hereby incorporated by reference in the judgment and commitment order issued in this case; and

8.    The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida this 12th day of February, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record